JAMES HAWORTH *vs.* JEREMIAH A. SHERMAN *et al.*, License Commissioners of City of Central Falls.

NOVEMBER 25, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(*1*)   *Prohibition.*

The granting of a writ of prohibition is entirely discretionary, and generally when an inferior tribunal has jurisdiction of a matter, the court will not upon an application for a writ of prohibition consider disputed questions, the determination of which has been committed by law to such inferior tribunal.

(*2*)   *Transfers of Liquor Licenses.   Prohibition.*

The power to permit the transfers of licenses to sell intoxicating liquors is conferred by statute upon boards of license commissioners, and where such a board upon the filing of two applications for the transfer of a license, assigned them for hearing, the court will presume that it will properly exercise the jurisdiction conferred upon it and determine the matter in accordance with the law and evidence, and a petition for a writ of prohibition will be denied.

PETITION for writ of prohibition.   Denied.

PER CURIAM.   This is a petition for a writ of prohibition to prevent the Board of License Commissioners of the city of Central Falls from taking cognizance of a certain application

for the transfer of a license to sell spirituous and intoxicating liquors at number five hundred and ninety-two Lonsdale avenue, in said city of Central Falls.

It appears that the petitioner is the holder of said license; that there has been filed with said board an application in writing purporting to have been signed by the petitioner, requesting said board to permit said license to be transferred to one Frank Schora; that the petitioner has notified said board that said application was not signed by him and that he repudiated said request; that the petitioner has presented to said board an application in writing, signed by him, requesting said board to transfer said license to one James Brierley; that said board has assigned both of said applications for hearing before it. The petitioner claims that said board is without authority to consider said application for a transfer of his license to Frank Schora for the reason that the petitioner has not authorized said request for a transfer; and this petition is filed for the purpose of preventing such consideration.

The granting of a writ of prohibition is entirely discretionary. Under the statute the power to permit transfers of licenses to sell spirituous and intoxicating liquors is conferred upon boards of license commissioners. Generally when an inferior tribunal has jurisdiction of the subject-matter of a proceeding, this court will not upon an application for a writ of prohibition consider disputed questions, the determination of which has been committed by law to such inferior tribunal. Upon the filing of said two applications for the transfer of the petitioner's license, said board properly assigned them both for hearing, in order that it might consider the conflicting claim made by the persons interested therein. We must presume that the board, after hearing and consideration, will properly exercise the jurisdiction conferred upon it by the statute and will make its decision in accordance with law and the evidence.

The petition is denied and dismissed.

*Michael F. Costello,* for petitioner.

*Brennan & Connolly,* for respondents.